1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN EARL DANNER,                    No.  2:15-cv-0887-MCE-EFB

12                    Plaintiff,

13        v.                                  **MEMORANDUM AND ORDER**

14   COUNTY OF SAN JOAQUIN and
     MANUEL ANDRADE,
15
                      Defendants.
16

17

18        Plaintiff Jonathan Earl Danner ("Plaintiff") alleges several causes of action against

19   Defendants San Joaquin County and Manuel Andrade (collectively, "Defendants")

20   stemming from Plaintiff's alleged unlawful arrest on April 11, 2014.  Defendants have

21   filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF

22   No. 13.  Plaintiff filed an Opposition to the Motion (ECF No. 15), and Defendants filed a

23   Reply (ECF No. 16).  For the reasons that follow, Defendants' Motion is GRANTED in

24   part and DENIED in part.[1]

25   ///

26   ///

27   _____

28        [1] Because oral argument would not have been of material assistance, the Court ordered this
     matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

                                           1

1

## BACKGROUND[2]

2

3      From March 2013 to December 2013, Plaintiff employed Jonathan Jackson at

4   Plaintiff's hauling and handyman business.  The employment relationship ended when

5   Plaintiff terminated Jackson because of his work performance.  In January 2014,

6   Jackson started a physical altercation with Plaintiff and deliberately broke the window of

7   Plaintiff's vehicle.  Another altercation between Jackson and Plaintiff occurred on

8   April 11, 2014.  The Complaint makes clear that Plaintiff and Jackson provided law

9   enforcement with conflicting accounts of what transpired that morning.[3]

10      **A.  Plaintiff's Account**

11      At approximately 5:30 a.m. on April 11, 2014, Plaintiff awoke in his home to the

12   sound of a revving car engine.  Plaintiff looked out his bedroom window and saw

13   Jackson's friend Jorge Burns sitting in a vehicle; Plaintiff also heard Jackson shouting

14   obscenities from the vehicle.  Plaintiff walked outside, grabbed his dog, put the dog in his

15   truck, and went back inside his house.  Plaintiff was about to return outside when he

16   heard glass shatter.  Plaintiff observed Burns running away from Plaintiff's truck and

17   observed a brick in the passenger cabin of the truck.  Plaintiff's dog suffered severe

18   injuries as a result of Burns throwing the brick through the windshield of Plaintiff's truck.

19      Plaintiff called 911 and pursued Burns and Jackson in his truck.  San Joaquin

20   County Sheriff Deputy Manuel Andrade ("Deputy Andrade") reported to Plaintiff's

21   residence and took Plaintiff's statement.  Deputy Andrade observed Plaintiff's dog

22   bleeding profusely from its forehead and further noted the damage to Plaintiff's truck.

23      **B.  Jackson's Account, According to Plaintiff's Complaint**

24      Deputy Andrade subsequently located and interviewed Jackson.  Jackson

25   admitted that he had broken Plaintiff's window during a prior confrontation with Plaintiff

26

27      [2] The following statement of facts is based entirely on the allegations in Plaintiff's Complaint (ECF No. 1).

28      [3] The Complaint describes in detail both Plaintiff's and Jackson's version of events.

1    and stated he was paying Plaintiff for that damage.  Jackson also admitted that he had

2    encountered Plaintiff earlier in the morning of April 11, 2014.  However, Jackson

3    incorrectly stated that the encounter occurred at the Tower Mart at 147 East Lathrop

4    Road and that Plaintiff instigated the confrontation.

5          Jackson further stated that after the confrontation at Tower Mart, he took Burns to

6    work and returned home.  Ten minutes after that, Plaintiff appeared in front of Jackson's

7    residence and brandished a small gun.  Plaintiff allegedly told Jackson to meet him

8    around the corner.  When Plaintiff drove around the corner, Jackson threw a rock at

9    Plaintiff's truck and shattered its window.  Plaintiff then exited his truck with the gun, and

10   Jackson threw another rock at Plaintiff.  Plaintiff responded by throwing the rock back at

11   Jackson, retrieving a brick from the back of his truck, and throwing the brick at Jackson.

12   Plaintiff drove away in his truck, only to return in a different vehicle.  Jackson did not

13   offer Deputy Andrade an explanation regarding the dog's injuries.

14          **C.  Plaintiff's Arrest**

15          After hearing Jackson's account, Deputy Andrade arrested Plaintiff for making

16   criminal threats, brandishing a firearm, and making a false police report.  Plaintiff

17   suggests Deputy Andrade's decision to arrest him and not Jackson was based on the

18   fact that Plaintiff was convicted of battery on a police officer more than twenty years ago,

19   a conviction for which he has since encountered "constant harassment from the police."

20   Compl. at 9.

21          Plaintiff spent six days in the San Joaquin County Jail before posting bail.

22   Although the San Joaquin County District Attorney initially charged Plaintiff with the three

23   offenses for which he was arrested, the District Attorney dismissed the charges on

24   September 25, 2014.

25          **D.  Plaintiff's Complaint and Defendant's Motion to Dismiss**

26          Plaintiff's Complaint identifies five causes of action:  (1) false arrest under

27   42 U.S.C. § 1983; (2) false arrest in violation of the California Constitution; (3) malicious

28   prosecution; (4) intentional infliction of emotional distress; and (5) a vicarious liability

3

1   claim against Defendant San Joaquin County under California Government Code section

2   815.2(a).[4]  Defendants seek dismissal of all five causes of action.

3

4                                        **STANDARD**

5

6          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

7   Procedure 12(b)(6),[5] all allegations of material fact must be accepted as true and

8   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

9   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

10  statement of the claim showing that the pleader is entitled to relief" in order to "give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

12  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

13  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

14  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

15  his entitlement to relief requires more than labels and conclusions, and a formulaic

16  recitation of the elements of a cause of action will not do."  Id. (internal citations and

17  quotations omitted).  A court is not required to accept as true a "legal conclusion

18  couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

19  (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a

20  right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles

21  Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

22  (stating that the pleading must contain something more than "a statement of facts that

23  merely creates a suspicion [of] a legally cognizable right of action.")).

24          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

25  assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations

---

26          [4]  Contrary to Plaintiff's Opposition, there are no "allegations of excessive force" in the Complaint.
27  Pl.'s Opp'n, ECF No. 15, at 6.

            [5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
28  otherwise noted.

                                              4

1   omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

2   a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

3   of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan

4   Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts

5   to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have

6   not nudged their claims across the line from conceivable to plausible, their complaint

7   must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it

8   strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery

9   is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

10  (1974)).

11          A court granting a motion to dismiss a complaint must then decide whether to

12  grant leave to amend.  Leave to amend should be "freely given" where there is no

13  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

14  to the opposing party by virtue of allowance of the amendment, [or] futility of the

15  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

16  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

17  be considered when deciding whether to grant leave to amend).  Not all of these factors

18  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

19  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

20  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

21  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

22  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

23  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

24  1989) ("Leave need not be granted where the amendment of the complaint . . .

25  constitutes an exercise in futility . . . .")).

26  ///

27  ///

28  ///

5

1

2

**ANALYSIS**

3    Defendants advance several arguments in their Motion to Dismiss.  The Court will

4    address each in turn.

5    **A.  California Government Code Section 945.6(a)**

6    Defendants argue that the second, fourth, and fifth causes of action should be

7    dismissed on the ground that Plaintiff failed to file this action within six months of

8    receiving notice that San Joaquin County had rejected his tort claim against the County.

9    See generally Cal. Gov't  Code § 945.6(a) ("any suit brought against a public entity . . .

10   must be commenced . . . not later than six months after the date [a letter rejecting a tort

11   claim against the entity] is personally delivered or deposited in the mail").  Defendant

12   argues that the County rejected Plaintiff's claim on October 23, 2014, that Plaintiff

13   therefore should have commenced this action no later than April 23, 2015, and that

14   Plaintiff's state law claims are untimely because he did not file his Complaint until

15   April 24, 2015.

16   However, Plaintiff filed a civil cover sheet and a motion to proceed in forma

17   pauperis on April 23, 2015.  See ECF Nos. 2, 3.  Although "[a] civil action is commenced

18   by filing a complaint with the court," see Federal Rule of Civil Procedure 3 (emphasis

19   added), Plaintiff's Opposition to the pending Motion explains that the Complaint was

20   inadvertently separated from the documents filed on April 23, 2015, ECF No. 15 at 4.

21   The Court, although skeptical of Plaintiff's explanation, will not dismiss the second,

22   fourth, and fifth causes of action on the ground that Plaintiff has failed to comply with

23   section 945.6(a).  Defendants' Motion is therefore DENIED to the extent it seeks

24   dismissal of those causes of action pursuant to section 945.6(a).[6]

25   ///

26   ///

27

28   _____

[6]  Defendants' Requests for Judicial Notice (ECF Nos. 13-2), which relate to Defendants' section 945.6(a) argument, are DENIED as moot.

1

### A.  First Cause of Action

2      Plaintiff's first cause of action alleges that Deputy Andrade's arrest of Plaintiff was

3 an unreasonable seizure in violation of the Fourth Amendment to the United States

4 Constitution.  Deputy Andrade seeks dismissal of the claim on the grounds that he is

5 entitled to qualified immunity.

6           The doctrine of qualified immunity shields officials from civil
           liability so long as their conduct does not violate clearly
7           established statutory or constitutional rights of which a
           reasonable person would have known.  A clearly established
8           right is one that is sufficiently clear that every reasonable
           official would have understood that what he is doing violates
9           that right. . . .

10          The dispositive question is whether the violative nature of
           particular conduct is clearly established.  This inquiry must be
11          undertaken in light of the specific context of the case, not as
           a broad general proposition.

12

13 Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) (citations and internal

14 quotation marks omitted).

15      In the context of an unlawful arrest, an officer is entitled to qualified immunity "if

16 he reasonably believed there to have been probable cause."  Rosenbaum v. Washoe

17 Cnty., 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam).  "Framing the reasonableness

18 question somewhat differently, the question in determining whether qualified immunity

19 applies is whether all reasonable officers would agree that there was no probable cause

20 in this instance."  Id. at 1078.

21          Probable   cause   to   arrest   exists   when   officers   have
           knowledge or reasonably trustworthy information sufficient to
22          lead a person of reasonable caution to believe that an
           offense has been or is being committed by the person being
23          arrested.  Alternatively, this court has defined probable cause
           as follows:  when under the totality of circumstances known
24          to the arresting officers, a prudent person would have
           concluded that there was a fair probability that [the
25          defendant] had committed a crime.

26 United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citations and internal

27 quotation marks omitted).

28 ///

7

1    At this stage of the litigation, the Court cannot find that Deputy Andrade is entitled

2    to qualified immunity on the unlawful arrest claim.  As noted above, on Defendants'

3    Motion to Dismiss, the Court must construe all allegations in the Complaint in the light

4    most favorable to Plaintiff.  The Complaint suggests that Deputy Andrade arrested

5    Plaintiff solely on Jackson's account (i.e., that Plaintiff brandished a gun and threw a

6    brick at Jackson).  While Jackson's account, in isolation, could arguably lead a prudent

7    person to conclude that there was a fair probability that Plaintiff had committed a crime,

8    the probable cause analysis requires that the Court examine the totality of the

9    circumstances known to Deputy Andrade.

10    There are several allegations in the Complaint that indicate the account Jackson

11    provided Deputy Andrade was less than credible.  Of particular relevance is the

12    absurdity of Jackson's account—that is, that Jackson's response to Plaintiff's alleged

13    brandishing of a gun was to throw a rock at Plaintiff's truck and that Jackson threw

14    another a rock at Plaintiff when Plaintiff exited his truck with the gun—and that Jackson

15    admitted having shattered the window of Plaintiff's vehicle during a prior confrontation.

16    See also Compl. at 5 ("Deputy Andrade arrested plaintiff even though the deputy never

17    found the gun plaintiff supposedly brandished.").  Construing the allegations in the

18    Complaint in the light most favorable to Plaintiff, Jackson's statement—the only evidence

19    of Plaintiff's alleged criminal activity—was not believable.  Deputy Andrade therefore did

20    not have "knowledge or reasonably trustworthy information sufficient to lead a person of

21    reasonable caution to believe" that Plaintiff had committed an offense, and it was not

22    reasonable for him to believe that he had probable cause to arrest Plaintiff.[7]  Deputy

23    Andrade is therefore not entitled to qualified immunity at this stage of the litigation.

24    Accordingly, Defendants' Motion to Dismiss is DENIED to the extent it seeks

25    dismissal of the first cause of action.

26    ///

---

27    [7]  This finding renders unnecessary any discussion of Deputy Andrade's argument that the first
and second causes of action should also be dismissed because Plaintiff has "fail[ed] to plead the required
28    'lack of probable cause' element."  Defs.' Mot., ECF No. 13-1, at 12.

1

2          **B.  Second Cause of Action**

Plaintiff's second cause of action alleges that Deputy Andrade's arrest of Plaintiff

3   was an unreasonable seizure in violation of the California Constitution.  Deputy Andrade

4   seeks dismissal of the second cause of action on the grounds that it is untimely under

5   the applicable statute of limitations and that he is entitled to statutory immunity.  The

6   Court will address each of these arguments.

7                        **1.  Statute of Limitations**

8          Deputy Andrade correctly notes that (1) under California Code of Civil Procedure

9   section 340(c), "[a]n action for . . . false imprisonment"[8] shall be brought within one year,

10  (2) according to the Complaint, Deputy Andrade arrested Plaintiff on April 11, 2014, and

11  (3) Plaintiff did not file this action until April 24, 2015.  Defendants argue that because

12  Plaintiff did not commence this suit within one year of the arrest, section 340(c) bars and

13  the Court must dismiss Plaintiff's second cause of action.

14         Plaintiff did not even acknowledge Deputy Andrade's section 340(c) argument in

15  his Opposition.  Nevertheless, both Plaintiff and Deputy Andrade have overlooked

16  California Government Code sections 945.3 and 352.1(a).  Section 945.3 provides:

17                No person charged by indictment, information, complaint, or
                  other accusatory pleading charging a criminal offense may
18                bring a civil action for money or damages against a peace
                  officer or the public entity employing a peace officer based
19                upon conduct of the peace officer relating to the offense for
                  which the accused is charged, including an act or omission in
20                investigating or reporting the offense or arresting or detaining
                  the accused, while the charges against the accused are
21                pending before a superior court.

22                Any applicable statute of limitations for filing and prosecuting
                  these actions shall be tolled during the period that the
23                charges are pending before a superior court.

24         Applied here, section 945.3 tolled the limitations period from the date the District

25  Attorney filed the information against Plaintiff (April 15, 2014) to the date the District

26  Attorney dropped the charges against Plaintiff (September 25, 2014).  Moreover, under

27  _____

28         [8] "In California, false arrest and false imprisonment are not separate torts."  <u>George v. City of
       Long Beach</u>, 973 F.2d 706, 710 (9th Cir. 1992).

                                                9

1    California Code of Civil Procedure section 352.1(a), the limitations period was also tolled

2    while Plaintiff was incarcerated at the San Joaquin County Jail.  <u>See generally</u> <u>Elliott v.</u>

3    <u>City of Union City</u>, 25 F.3d 800 (9th Cir. 1994) (reversing the district court because the

4    statute of limitations was tolled "commencing at the [plaintiff's] arrest and continuing

5    through his custody").  The Complaint indicates that Plaintiff was incarcerated for six

6    days beginning on April 11, 2014.

7            Thus, applying sections 845.3 and 352.1(a), the limitations period was tolled from

8    the date that Deputy Andrade arrested Plaintiff (April 11, 2014) to the date the District

9    Attorney dropped the charges against Plaintiff (September 25, 2014).  Plaintiff therefore

10   had until September 26, 2015 to file a complaint containing his second cause of action.

11   Because Plaintiff filed his Complaint in April 2015—months before the expiration of the

12   one-year limitations period—the claim is not untimely under section 340(c).

13           Accordingly, Defendants' Motion is DENIED to the extent that it seeks dismissal

14   of the second cause of action on the ground it is untimely under section 340(c).

15                          **2.  Statutory Immunity**

16           Deputy Andrade also argues he is entitled to statutory immunity under California

17   Penal Code section 847(b), which provides that "[t]here shall be no civil liability" for false

18   arrest if the arresting officer "had reasonable cause to believe the arrest was lawful."  As

19   explained above, construing the allegations in the light most favorable to Plaintiff, Deputy

20   Andrade did not have reasonable cause to believe the arrest was lawful.  Accordingly,

21   Defendants' Motion is DENIED to the extent that it seeks dismissal of the second cause

22   of action on the ground that Deputy Andrade is entitled to immunity under section

23   847(b).

24        **C.  Third Cause of Action**

25           Plaintiff's third cause of action is a § 1983 malicious prosecution claim against

26   Deputy Andrade.  Deputy Andrade seeks dismissal of the claim on the ground that it is

27   inadequately pled.

28   ///

1   "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must

2   show that the defendants prosecuted him with malice and without probable cause, and

3   that they did so for the purpose of denying him equal protection or another specific

4   constitutional right."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)

5   (internal bracketing and quotation marks omitted).  Deputy Andrade argues that Plaintiff

6   has failed to adequately plead a malicious prosecution claim because (1) the Complaint

7   makes clear that there was probable cause to prosecute Plaintiff and (2) Plaintiff has not

8   alleged that Deputy Andrade improperly influenced the District Attorney to file criminal

9   charges.  The Court will address each of these arguments.

10   **1.  Probable Cause**

11   For the same reasons the Court found that, construing the allegations in the

12   Complaint in the light most favorable to Plaintiff, it was not reasonable for Deputy

13   Andrade to believe that he had probable cause to arrest Plaintiff, the Court finds that

14   there was not probable cause to prosecute Plaintiff (i.e., the charges were based entirely

15   on Jackson's less than credible account).

16   **2.  Presumption of Prosecutorial Independence**

17   Although malicious prosecution actions are not limited to suits against

18   prosecutors, there is a "presumption of prosecutorial independence" that ordinarily

19   precludes liability for individuals that participated in the investigation or filed a report that

20   resulted in the initiation of proceedings.  Awabdy, 368 F.3d at 1066, 1067.  But that

21   presumption does not bar a subsequent § 1983 claim against an individual "who

22   improperly exerted pressure on the prosecutor, knowingly provided misinformation to

23   him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith

24   conduct that was actively instrumental in causing the initiation of legal proceedings."  Id.

25   at 1067.  Applied here, Plaintiff's Complaint sufficiently alleges that Deputy Andrade

26   engaged in wrongful or bad faith conduct that was actively instrumental in causing the

27   District Attorney to file charges against Plaintiff.  Specifically, the Complaint states:

28   "Deputy Andrade knew he did not have probable cause to arrest plaintiff, but that Deputy

11

1  Andrade's arrest of plaintiff was done maliciously, with the intent to harm plaintiff . . . ."

2  Compl. at 9.  Plaintiff further alleges that "Deputy Andrade's conduct was a substantial

3  factor in causing plaintiff's harm."  Id.  Plaintiff also suggests that the real motivation

4  behind Deputy Andrade's decision to arrest Plaintiff and file the inaccurate police report

5  was his knowledge of Plaintiff's prior conviction for battery on a police officer.

6        Because Plaintiff has alleged that Deputy Andrade engaged in wrongful or bad

7  faith conduct that was actively instrumental in causing the District Attorney to file charges

8  against Plaintiff, the presumption of prosecutorial independence does not bar Plaintiff's

9  malicious prosecution claim against Deputy Andrade.  Accordingly, Defendants' Motion

10  to Dismiss is DENIED to the extent that it seeks dismissal of the third cause of action on

11  the ground that Plaintiff has inadequately pled a malicious prosecution claim.

12           **D.  Fourth Cause of Action**

13        Plaintiff's fourth cause of action is an intentional infliction of emotional distress

14  ("IIED") claim against Deputy Andrade.  An IIED claim consists of the following elements:

15           (1) extreme and outrageous conduct by the defendant with
16           the intention of causing, or reckless disregard of the
             probability of causing, emotional distress;  (2) the plaintiff's
17           suffering severe or extreme emotional distress; and (3) actual
             and proximate causation of the emotional distress by the
18           defendant's outrageous conduct.

19  Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013).  Deputy Andrade seeks

20  dismissal of Plaintiff's IIED claim on the ground that Plaintiff has not alleged extreme or

21  outrageous conduct or that he suffered severe emotional distress.

22         The Court finds that Deputy Andrade's decision to arrest Plaintiff solely on the

23  less than credible account of Jackson, which resulted in Plaintiff's incarceration at the

24  San Joaquin County Jail for six days and a criminal prosecution, may amount to extreme

25  and outrageous conduct for purposes of IIED.  See Hamre v. City of Bothell, 81 F. App'x

26  260, 263  (9th Cir. 2003) ("[T]he district court erred in dismissing Hamre's intentional

27  infliction of emotional distress claim by failing to recognize that being prosecuted on

28  ///

12

1   trumped up charges amounts to more than 'mere annoyance, inconvenience, or normal

2   embarrassment.'").

3          However, the Complaint is deficient with respect to the "severe or extreme

4   emotional distress" element.  "Severe emotional distress means emotional distress of

5   such substantial quantity or enduring quality that no reasonable man in a civilized

6   society should be expected to endure it."  Kiseskey v. Carpenters' Trust for So. Cal.,

7   144 Cal. App. 3d 222, 231 (1983) (internal quotation marks omitted).  Although the

8   Complaint alleges that "Plaintiff actually suffered emotional distress," Compl. at 9, the

9   Court is not required to accept as true a "legal conclusion couched as a factual

10  allegation," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Plaintiff has not otherwise

11  pled emotional distress of substantial and enduring quality.  Accordingly, Defendants'

12  Motion is GRANTED to the extent that it seeks dismissal of Plaintiff's IIED claim.

13  Because Plaintiff may be able to cure the defect, Plaintiff is granted leave to amend the

14  claim.

15          **E.  Fifth Cause of Action**

16          Plaintiff's fifth cause of action asserts that Defendant San Joaquin County is

17  vicariously liable for Deputy Andrade's acts under California Government Code section

18  815.2(a).  Section 812.2 imposes upon public entities vicarious liability for the tortious

19  acts of their employees.  See generally Robinson v. Solano Cnty., 278 F.3d 1007, 1016

20  (9th Cir. 2002) ("California . . . has rejected the Monell rule and imposes liability on

21  counties under the doctrine of respondeat superior for acts of county employees").

22          In their Motion to Dismiss, Defendants note that the Complaint does not specify

23  which causes of action trigger the County's vicarious liability.  Defendant argues, and the

24  Court agrees, that the County cannot be held vicariously liable for the federal causes of

25  action (i.e., the first and third causes of action) in Plaintiff's Complaint.  See generally

26  Castro v. Cnty. of L.A., 797 F.3d 654, 670-71 (9th Cir. 2015) (explaining that "a

27  municipality is not liable under § 1983 based on the common-law tort theory of

28  respondeat superior.").  Defendants' Motion to Dismiss is therefore GRANTED to the

1   extent it requests that the Court dismiss the County as a defendant from the first and

2   third causes of action.

3          As to the state law causes of action, Defendants argue that the County cannot be

4   held vicariously liable for claims that Defendants believe should otherwise be dismissed.

5   As noted above, the Court finds that Plaintiff has not adequately pled an IIED claim

6   against Deputy Andrade; accordingly, that claim is DISMISSED as to both Defendants.

7   However, the Complaint adequately states a false arrest claim under California law

8   against Deputy Andrade, and the County can be held vicariously liable on that claim

9   under section 812.2.  Accordingly, Defendants' Motion is DENIED to the extent that it

10  seeks to have the County dismissed as a defendant from the second cause of action.

11

12                                    **CONCLUSION**

13

14          For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 13) is

15  GRANTED in part and DENIED in part.  Specifically:

16          A.  Defendants' Motion is GRANTED to the extent it seeks dismissal of Plaintiff's

17  fourth of cause action.  That claim is DISMISSED, with leave to amend, as to both

18  Defendant Deputy Andrade and Defendant San Joaquin County.

19          B.  Defendants' Motion is also GRANTED to the extent it seeks the dismissal of

20  Defendant San Joaquin County as a defendant to the first and third causes of action.

21  Defendant San Joaquin County is DISMISSED, without leave to amend, as a defendant

22  to the first and third causes of action.[9]

23          C.  Defendants' Motion is DENIED to the extent it seeks dismissal of Plaintiff's

24  remaining causes of action.

25          Not later than twenty (20) days following the date this Memorandum and Order is

26  electronically filed, Plaintiff may, but is not required to, file a First Amended Complaint.  If

27  _____

28          [9]  Because Defendant San Joaquin County may be held vicariously liable on the second cause of action, it is not outright dismissed as a party to this action.

1  Plaintiff does not file an amended complaint, this action will proceed on the first, second,

2  third, and fifth causes of action in the original Complaint.

3        IT IS SO ORDERED.

4  Dated:  December 1, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT